**UNITED STATES v. NEARMAN et al.**

**UNITED STATES v. VICKERS et al.**

**Nos. 926, 929.**

District Court, D. Montana.

July 11, 1931.

Wellington D. Rankin, U. S. Atty., of Helena, Mont.

E. F. Gummer, of Missoula, Mont., for movants.

BOURQUIN, District Judge.

These are the usual suits in equity against owners of the premises and tenants to abate Volstead nuisances, and by way of additional relief to enjoin further nuisance and to close the premises to all use for one year.

Subpœna was served on the tenants alone. Some six months later the matter was first presented to the court as upon final hearing, default entered of "all defendants served," and final decrees rendered as prayed. They and the injunctions assume to enjoin the tenants but not the owners by name, all acting "through or under" the tenants, "and all other persons," from any act of nuisance upon the premises and from any use thereof for one year.

And now specially appearing the non-resident owners move only to "quash" the injunctions because subpœna not served upon them as aforesaid. Neither party makes any other point, and any departure from good practice in equity, once the delight of bench and bar and now very much in the discard in these police court proceedings, is by both parties ignored. The movants contend that, if without service of subpœna they be enjoined from use of the premises as plaintiff maintains they can be and are by virtue of section 34, 27 USCA, they are deprived of property without due process in contravention of the Fifth Amendment; and with that contention the court agrees.

It must be remembered that the equitable jurisdiction of the court is not the creation of the Volstead Act, and is by said statute affected none at all save as a limitation upon the length of time the court may close premises when deemed necessary in behalf of its injunction against nuisance. In any event, the said act in no wise affects the Constitution, even did it assume to, and the fundamental principle to which movants appeal yet prevails in all its pristine force and vigor.

The law of parties, equity, injunction, nuisance, is virtually as before the Volstead Act. If the nuisance be by a tenant, the owner of the premises and especially if non-resident is not an indispensable party to proceedings to abate the nuisance and to enjoin its continuance or repetition by the tenant and his privies, incidental to which they may be denied any use of the premises during the statutory period of one year. The owner need not be made a party, for that the entire controversy can be completely determined and relief as aforesaid granted without affecting his rights, and within the sanction of settled principles of equity. True, his tenant is ousted, but in him he has no property, his right to rents is unimpaired, as is his right to otherwise use and enjoy his premises. Whether there could be substituted service upon the owner is not before the court.

The motions are granted, but only to relieve the movants, owners, from the injunctions too broad to the extent above indicated.

Order accordingly.